UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
AT CHICAGO

| | | |
|---|---|---|
| ANDREAS SCHOU | : | |
| 2300 Beau Monde Lane, Unit 206 | | |
| Lisle, IL  60532-3927 | : | CASE NO. 1:12-cv-2764 |
| Plaintiff | : | JUDGE: |
| vs. | : | MAGISTRATE JUDGE: |
| COGNIZANT TECHNOLOGY SOLUTIONS LTD PLAN | | |
| Robert J. Telesmanic | : | **COMPLAINT** |
| 500 Frank W. Burr Blvd;, Suite 50 | | |
| Teaneck, NJ  07666-6802 | : | |
| and | : | |
| METROPOLITAN LIFE INSURANCE COMPANY | : | |
| 200 Park Avenue | : | |
| New York, NY  10166 | | |
| | : | |
| Defendants | | |
| | : | |

Now comes the Plaintiff, Andreas Schou, by and through counsel, and for his Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an Employee Welfare Benefit Plan that, in this case, consists of group disability benefits available under a Plan that is provided for the employees of Cognizant Technology Solutions known as Cognizant Technology Solutions LTD Plan (hereinafter referred to as "CTS Plan"). The Plan and Policy documents should be included in the Administrative Record that will be filed with this Court; it is too voluminous to file.   This action may be brought before this Court pursuant

to 28 U.S.C. § 1331 that gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

## NATURE OF ACTION

3. This is a claim seeking an award to Plaintiff Andreas Schou of disability benefits pursuant to an Employee Welfare Benefit Plan ("Plan") providing group disability benefits to employees of Cognizant Technology Solutions. This action, seeking recovery of benefits, is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). The Plaintiff also seeks to enforce the right to future benefits and demand the Defendants to account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff is now disabled but was an active employee under the Plan and eligible as a qualified employee when his medical condition deteriorated and he could no longer work. Venue is proper in the Northern District of Illinois because Plaintiff resides in Lisle, Illinois, which is located in Dupage County, Illinois.

5. At all times relevant hereto, the Plan constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1); and while employed, Plaintiff became disabled and has coverage under the Plan as an employee because he was a participant as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing Plan.

6. The Plan's "Claim Administration" is run by a Plan Fiduciary, which upon information and belief is Metropolitan Life Insurance Company (hereinafter "Metlife").

## STATEMENT OF FACTS

7. Plaintiff was a full time employee of Cognizant Technology Solutions and was actively engaged in employment until September 24, 2010, when he ceased working because of severe cerebrovascular accident (stroke; hereinafter "CVA")). Due

to his impairment, Plaintiff has not engaged in any substantial gainful activity since September 2010.

8. Plaintiff made a claim for benefits under the Plan after being forced to stop work on September 24, 2010, from his position as a Senior Associate in Software Development, because of the severe symptoms he was experiencing subsequent to his CVA.

9. Under the "CTS Plan", Mr. Schou was entitled to 180 days of short-term disability benefits. Mr. Schou received all of his short-term disability benefits for an inability to perform his "own occupation."

10. Long-term disability benefits were scheduled to begin on March 24, 2011. For the first 24 months of long term disability, benefits are paid based on an inability to perform the material and substantial duties of his "own occupation."

11. Plaintiff was hired on November 23, 2009 by Cognizant Technology Solutions. Because his disability commenced within 12 months from the date his benefits became effective, Mr. Schou's elgibility for LTD benefits was subject to the "pre-existing treatment" clause. Metlife's examination of the records revealed that Mr. Schou was using aspirin at a rate of one per day. Based upon Aspirin use, Metlife denied Mr. Schou's claim for LTD benefits. Metlife felt Aspirin was treatment for a stroke that Mr. Schou had not had yet.

12. "Metlife" issued a denial letter dated May 16, 2011 denying Mr. Schou's access to long-term disability benefits under the "pre-existing" condition clause of the Plan.

13. In September 2011, Mr. Schou retained your undersigned to prepare the appeal to the May 16, 2011 denial of benefits. On November 11, 2011, counsel submitted an extensive appeal letter (attached hereto as Exhibit A), which embraced the specific long-term use of a daily Aspirin for years prior to his stroke because of the benefits for his heart.

14. This information was reviewed by "Metlife" and a denial of benefits was issued on January 12, 2012. To support their denial, "Metlife" had the case reviewed by a "peer review" physician. In her report, "Metlife's" paid physician recommends denial of the claim without embracing the duration and purpose of daily Aspirin use.

15. Plaintiff has exhausted his administrative remedies and has chosen to file this lawsuit to obtain the long-term disability benefits owed to him.

**CAUSE OF ACTION**

16. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 15 of the Complaint.

17. Defendant "CTS Plan" failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. The Plan, through its designated fiduciaries, has arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

18. Defendant "Metlife", has the authority to make the claims determination, but the language of the Policy does not give sufficient deference to "Metlife", as Plan Fiduciary, and the benefit determination must be made *de novo.*

19. Nevertheless, this Court must give a full *de novo* review of this decision and the evidence in the claim file and may not abrogate its statutory duty to do so because a plenary review is required and failure to give such a review would deprive Plaintiff of his constitutional rights and violate the U.S. Constitution and the principles of separation of power amongst others.

20. Plaintiff has exhausted his administrative remedies. The "CTS Plan" still wrongfully denies benefits to which Mr. Schou is entitled.

21. ERISA requires that an Employee Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

22. The disability Plan under which the Plaintiff Andreas Schou was a participant at the time of his disability should be included in the Administrative record filed with this Court; it is too voluminous to attach. This document sets forth the sole criteria for benefits for the Plaintiff.

23. The Plaintiff is entitled to these benefits and they are due and owing to the Plaintiff in an amount not yet ascertainable, and the Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

24. ERISA maintains an employee benefit plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the clear terms of this Plan document that will be filed with the Administrative record, the termination of benefits was unreasonable and without basis under the Plan document.

**WHEREFORE**, Plaintiff Andreas Schou prays for the following relief:

- A. That the Court enter judgment in Plaintiff Schou's favor and against the Defendant and that the Court order the Defendant to account and pay disability income benefits to Plaintiff Schou in an amount equal to the contractual amount of benefits to which Schou is entitled;
- B. That the Court order the Defendant to pay Schou's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;
- C. That the Court declare Andreas Schou's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendant to continue paying Plaintiff Schou's benefits until such time as the Court decides that he meets the policy conditions for discontinuance of benefits and this is perfected by an Order of this Court;
- D. That the Court award the Plaintiff his attorney fees pursuant to 29 U.S.C. § 1132(g) and;
- E. That Plaintiff recovers any and all other relief to which he may be entitled, as well as the costs of the suit.

Dated this 16th day of April, 2012

Respectfully submitted,

*/s/ Joseph P. McDonald*

---

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd., Suite A
Dayton, OH  45458
Tel: 937-428-9800
Fax: 937-428-9811
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Andreas Schou